**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILED

JUL 1 2 2019

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

In re Subpoenas to:                          :
                                             :
   Fifth Third Bank,                     :
                                             :   Case No.: 1:19 MC 101
   Bank of America, N.A.                 :
                                             :   Judge:  JUDGE OLIVER
   JP Morgan Chase Bank, N.A. and        :
                                             :   Magistrate:
   U.S. Bank, N.A.                       :
                                             :

## MARK AND SUSAN GALLOWAY'S MOTION TO QUASH SUBPOENAS ISSUED BY THE OFFICE OF THE INSPECTOR GENERAL ON BEHALF OF THE DEPARTMENT OF TRANSPORTATION TO FIFTH THIRD BANK, BANK OF AMERICA, N.A., JP MORGAN CHASE, N.A., AND U.S. BANK, N.A.

Now comes Mark and Susan Galloway (the "Galloways") and hereby move this Court for an order quashing and/or limiting the scope of four investigative subpoenas (the "Subpoenas") pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure and 12 U.S.C. §3410 that were issued by the Office of Inspector General on behalf of the Department of Transportation ("DOT") and seek <u>twelve</u> (12) years of financials records of the Galloways from Fifth Third Bank, Bank of America, N.A., JP Morgan Chase Bank, N.A., and U.S. Bank, N.A.   These Subpoenas are overly broad, unduly burdensome, and seek information that is not relevant to the DOT's inquiry into whether Mark Galloway is disabled under the Federal Employees' Compensation Act.

Pursuant to Northern District of Ohio Local Rule 37.1, counsel for the Galloways met and conferred with senior counsel with the Office of the Inspector General, in an attempt to limit the scope of the Subpoenas.  However, the parties are at an impasse as to the Subpoenas' breadth, proportionality, and relevancy to the DOT's inquiry.

1

Respectfully submitted,

Gerhard A. Gosnell II (0064919)
Damion M. Clifford (0077777)
(Trial Counsel)
JAMES E. ARNOLD & ASSOCIATES, LPA
115   W.   Main   St.,   Fourth   Floor
Columbus, Ohio  43215
Telephone:     (614) 460-1600
Facsimile:     (614) 469-1066
Email:         ggosnell@arnlaw.com
               dclifford@arnlaw.com

*Counsel for Mark and Susan Galloway*

## BACKGROUND AND STATEMENT OF THE FACTS

Mark Galloway is a former FAA Aviation Safety Inspector who was assigned to the Los Angeles Flight Standards District Office in El Segundo, California. On November 27, 2000, Mr. Galloway displaced a lumbar disc in his back while at work. Shortly thereafter, Mr. Galloway filed a claim with the Division of the Federal Employees' Compensation, which was later approved. On September 11, 2007, Mr. Galloway further injured his back while on the job. Mr. Galloway then filed a claim with the Division of the Federal Employees' Compensation, which approved the following work related injuries: sprain of the lumbosacral joint/ligament, thoracic or lumbosacral neuritis or radiculitis NOS, and displacement of the lumbar intervertebral disc without myelopathy. Mr. Galloway has remained off of work since September 11, 2007.

In 2013, the Federal Aviation Administration referred this matter to the Office of the Inspector General ("OIG") after what is believed to be several family members of Mr. Galloway complaining to the FAA that they believed that Mr. Galloway was allegedly violating the Federal Employees' Compensation Act by performing physical activities while on permanent disability. As a result of these allegations, the Inspector General's Office initiated an investigation.

On May 31, 2019, the OIG issued four subpoenas (the "Subpoenas") to Fifth Third Bank, Bank of America, N.A., JP Morgan Chase Bank, N.A., and U.S. Bank, N.A. (collectively the "Banks"). *See* Exhibit A to the Declaration of Mark Galloway at ¶3, attached as Exhibit 1, which contains a true and accurate copy of the Subpoenas. From each financial institution, the OIG requested <u>twelve</u> (12) years worth of financial records for Mark Galloway and his wife Susan Galloway. *Id.* The Subpoenas seek:

1) Monthly bank statements, deposit tickets, and details of deposits, withdrawals, debits, and checks written on the account(s);

2) Loan applications, loan ledgers, loan correspondence, financial statements, tax returns, lease agreements, discounted notes, investment accounts, and contracts;

3) All checks (bank, official, cashier, Treasurer, and traveler's) and money orders purchased;

4) All incoming and outgoing wire transfers; and

5) Any other books or records relating to Mark and Susan Galloway. [*Id.*].

On June 26, 2019, Special Agent Sartin of the OIG sent by FedEx, notice pursuant to 12 USC §3405, to the Galloways of the OIG's intent to obtain the above financial records from the Banks. *See* Exhibit B to the Decl. of Mark Galloway at ¶4.

On July 9, 2019, Damion M. Clifford, Esq. discussed with Special Agent Sartin and Seth Kaufman, Esq., Senior Counsel for the OIG the breadth, scope, and relevancy of the Subpoenas in light of the pending investigation. *See* Declaration of Damion M. Clifford, Esq. at ¶2, attached as Exhibit 2; *See also U.S. v. Morton Salt*, 338 U.S. 632, 653 (1950). During these conversations and in a subsequent email from Mr. Kaufman, the OIG declined to reduce the breadth and scope of the Subpoenas in any way, which made the parties at an impasse and facilitated the need for filing this motion. *Id.* at ¶3. [1]

---

[1] The Galloways originally filed a motion to quash and corresponding declarations with this Court on July 10, 2019. That matter was assigned case no. 1:19-cv-01577. However, an operation specialist for the Northern District of Ohio contacted the Galloways' counsel on July 11, 2019 and indicated that original documents must be manually filed with the clerk such that a miscellaneous action could be opened.

## LAW & ARGUMENT

Subpoenas shall not be "excessive for the purposes of the relevant inquiry" and they must be "relevant to the inquiry." *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 209 (1946). The requirement that subpoenas be used only for a legitimate and authorized governmental purpose prohibits the government from "engag[ing] in arbitrary fishing expeditions" and from "select[ing] targets of investigation out of malice or an intent to harass." *United States v. R. Enterprises, Inc.,* 498 U.S. 292, 299 (1991). A subpoena will be disallowed if it is not "suitably specific and properly limited in its scope." *See In re Subpoena Duces Tecum*, 228 F.3d 341, 349 (4th Cir. 2000).

Pursuant to 12 U.S.C. §3410, and in order for a motion to quash to be granted, the customer must file a formal written request in the appropriate United States District Court and such motion shall contain an affidavit or sworn statement: (1) stating that the applicant is a customer of the financial institution from which the financial records pertaining to him or her have been sought; and (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry as stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

Mark and Susan Galloway are customers of Fifth Third Bank, Bank of America, N.A., JP Morgan Chase Bank, N.A., and U.S. Bank, N.A. and they believe that the records requested by the OIG's Subpoenas are not relevant to a legitimate law enforcement inquiry. *See* Mark Galloway Declaration at ¶¶2 and 5 and Susan Galloway Declaration at ¶¶ 2 and 3, attached as Exhibit 3.

**I.**     **The Subpoenas seek information that is not relevant to the OIG's investigation because the Galloways' financial records do not help to demonstrate whether Mr. Galloway is disabled.**

Pursuant to 12 U.S.C. §3410, the Subpoenas should be quashed if they are not relevant to the legitimate law enforcement inquiry as stated by the Government in its notice. The Notice states the purpose of the Government's inquiry is alleged workers' compensation fraud. *See* Exh. B to Mark Galloway Declaration. Yet, the Subpoenas request: 1) Monthly bank statements, deposit tickets, and details of deposits, withdrawals, debits, and checks written on the account(s); 2) Loan applications, loan ledgers, loan correspondence, financial statements, tax returns, lease agreements, discounted notes, investment accounts, and contracts; 3) All checks (bank, official, cashier, Treasurer, and traveler's) and money orders purchased; 4) All incoming and outgoing wire transfers; and 5) Any other books or records relating to Mark and Susan Galloway. The Subpoenas are not limited in scope and are irrelevant to the inquiry whether Mr. Galloway has allegedly violated the Federal Employees' Compensation Act by performing physical activities while on permanent disability.

Documents responsive to the OIG Subpoenas will not tend to prove or disprove whether Mr. Galloway has allegedly violated the Federal Employees' Compensation Act by performing physical activities while on permanent disability. Instead, responsive documents will simply show how the Galloways have been spent their money over the last twelve years. It would appear that if the OIG wanted to determine whether Mr. Galloway has allegedly violated the Federal Employees' Compensation Act by performing physical activities while on permanent disability, it should conduct witness interviews that can state Mr. Galloway is actively working (he is not) or it can send him to an independent medical examination to determine whether he is

6

still permanently disabled. However, simply reviewing Mr. Galloway's credit card receipts, loans, cancelled checks, and the like does nothing to further the OIG's inquiry.

Even more troubling is the OIG's request to scour <u>twelve</u> years of Susan Galloway's financial records. Again, nothing Susan Galloway did or did not do will demonstrate that Mr. Galloway allegedly violated the Federal Employees' Compensation Act by performing physical activities while on permanent disability. *See McVane v. FDIC*, 44 F.3d. 1127, 1138 (2nd Cir. 1995) (holding investigative subpoenas to family members who are not themselves the target of an investigation, must face more exacting scrutiny). Ms. Galloway's conduct has nothing to do with the OIG's investigation. For these reasons, the Subpoenas must be quashed in their entirety.

**II.**     **In the alternative, the Subpoenas must be limited in their scope.**

In the event that the Court finds that the Galloways' financial records are relevant to the OIG's investigation (which they are not), the Subpoenas are nonetheless still grossly over broad, unduly burdensome, and not proportional to the investigation. For example, if the OIG believes that Mr. Galloway is actively working or has worked in the past, documents that would demonstrate such conduct would be reflected in monies coming into the Banks' various accounts, not how the money that is already in the accounts is being spent. Hence, deposits and wire transfers to Mark Galloway would be relevant to such an inquiry, not cancelled checks, leases, loan applications, or other debits from the Banks' accounts. How the Galloways spend their money has absolutely no relationship as to whether Mr. Galloway is disabled.

<strong>CONCLUSION</strong>

The OIG's Subpoenas are grossly overbroad, unduly burdensome, and seek information that is not relevant to the inquiry of whether Mr. Galloway is disabled. Almost the entirety of the requested twelve years of documents will not help to determine whether Mr. Galloways has

allegedly committed workers' compensation fraud.  At best, the Subpoenas should be limited to income coming into the various Banks on behalf of Mark Galloway.  As such, the Subpoenas should be quashed in their entirety and/or limited to deposits received into Mr. Galloways' bank accounts.

Respectfully submitted,

Gerhard A. Gosnell II (0064919)
Damion M. Clifford (0077777)
(Trial Counsel)
JAMES E. ARNOLD & ASSOCIATES, LPA
115  W.  Main  St.,  Fourth  Floor
Columbus, Ohio  43215
Telephone:     (614) 460-1600
Facsimile:     (614) 469-1066
Email:          ggosnell@arnlaw.com
                dclifford@arnlaw.com

*Counsel for Mark and Susan Galloway*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July 2019, I served the foregoing via email upon Seth Kaufman, Esq., Senior Counsel for the Office of the Inspector General.

Damion M. Clifford

8

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

In re Subpoenas to:     :
           :

 Fifth Third Bank,     : Case No.:
           :

 Bank of America, N.A.   :
           : Judge:
 JP Morgan Chase Bank, N.A. and :
           : Magistrate:
 U.S. Bank, N.A.     :
           :
           :

**<u>DECLARATION OF MARK GALLOWAY</u>**

 I, Mark Galloway, pursuant to 28 U.S.C. §1746, do hereby declare as follows:

 1. I make the following declaration based upon personal knowledge.

 2. I am a customer of Fifth Third Bank, Bank of America, N.A., JP Morgan Chase Bank, N.A., and U.S. Bank N.A.

 3. Attached to my declaration as Exhibit A are true and accurate copies of the subpoenas that I and my wife Susan Galloway received from Special Agent Sartin of the Office of the Inspector General ("OIG") on June 28, 2019.

 4. Attached to my declaration as Exhibit B is a true and accurate copy of a notice that I and my wife Susan Galloway received from Special Agent Sartin of the Office of the Inspector General on June 28, 2019.

 5. I do not believe that the records requested by the OIG's Subpoenas are relevant to the inquiry whether I am permanently disabled.



I declare under penalty of perjury that the foregoing is true and correct and was executed on July 10, 2019.

Mark Galloway

# United States of America

## DEPARTMENT OF TRANSPORTATION

### OFFICE OF INSPECTOR GENERAL

TO:  JP MORGAN CHASE BANK, N.A.

7610 W. Washington Street
Attn: National Subpoena Processing
Indianapolis, IN 46231-1335



# SUBPOENA

YOU ARE HEREBY COMMANDED TO APPEAR BEFORE Anthony Q. Sartin, *an official of the Office of Inspector General, at* 200 W. ADAMS ST. SUITE 300 CHICAGO, IL 60606, *on the* 31ST *day of* MAY, 2019, *at* 9:00, *o'clock* AM *of that day.*

And you are hereby required to bring with you and produce at said time and place the following information, documents, reports, answers, records, accounts, papers and other data and documentary evidence:

(SEE ATTACHED ADDENDUM TO INSPECTOR GENERAL SUBPOENA)

which are necessary in the performance of the responsibility of the Inspector General under Public Law 95-452, to conduct and supervise audits and investigations and to promote economy, efficiency, and effectiveness in the administration of, and to prevent and detect fraud and abuse in and relating to the programs and operations of the Department of Transportation.

OIG Point of Contact:

Anthony Q. Sartin

Telephone: (312) 353-0454

Fax:         (312) 353-7032

Email: Anthony.Q.Sartin@oig.dot.gov

IN TESTIMONY WHEREOF, *the seal of the*
DEPARTMENT OF TRANSPORTATION
*is affixed hereto, and the undersigned has hereunto set his hand*
*at Washington, D.C. this* 8TH *day of* MAY, 2019.



_____ / FOR

Inspector General

IGF 2008.2(3-86)

EXHIBIT
A

ADDENDUM TO INSPECTOR GENERAL SUBPOENA

JP MORGAN CHASE BANK, N.A.

7610 W. Washington Street
Attn: National Subpoena Processing
Indianapolis, IN 46231-1335

Compliance with this subpoena may be made by delivery (U.S. Mail and private delivery/courier service is acceptable) of the following to Special Agent Anthony Q. Sartin, U.S. Department of Transportation, Office of Inspector General, 200 W. Adams Street, Suite 300, Chicago, IL 60606  by the date listed on the face of the subpoena. Records are requested in the form of electronic media (i.e. CD, DVD, or flash drive).

Required is a notarized statement from the official of the subpoenaed party responsible for compliance with this subpoena that documents produced are true, genuine, and responsive to the subpoena.

If any document is withheld under a claim of privilege, please advise in writing the author, addressee, subject matter, and date of the document, as well as any other individuals to whom copies of the document(s) were provided, and the basis of the privilege.

## I. DEFINITIONS

As used herein:

A. This subpoena is applicable to the business entity or party to which addressed and shall include all business affiliates, subsidiaries, predecessors, parents, divisions, successors in interest, present and former directors, officers, partners, agents, employees, and all other persons acting or purporting to act for, or on the behalf, of the business entity or party to which addressed.

B. "Documents" or "records" refers to all written or graphic matter, however produced or reproduced, or any other tangible permanent record, and without limitation, including, among other things, all letters, correspondence, records, memoranda, minutes, notes, summaries, telephone records, books, schedules, reports, studies, appraisals, analyses, lists, interviews, books of account, telegrams, notes and minutes of meetings, interoffice communications, results of investigations, working papers, computer data, papers similar to any of the foregoing, and other writings of every kind of description (whether or not actually used, and including drafts of all documents), and including not only originals of such documents but all photostatic or microfilmed copies in whatever form, and all sound records or electronic data compilations in whatever form.

C. A document "relating or incident to" a given subject matter means any documents or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

D. "Addressee" means the person to whom this subpoena is addressed and includes any parent, predecessor, successor, division, affiliate, or subsidiary of whatever tier (whether or not wholly owned) and each officer, director, employee, attorney, agent or other person acting on behalf of any of them.

E. Do not destroy, discard, modify, redact, remove, alter, substitute or otherwise make unavailable any document requested by this subpoena. If you have knowledge that any requested document has been

destroyed, discarded, modified, redacted, removed, altered or otherwise made unavailable, identify the document(s) and provide an explanation.

## II. DOCUMENTS TO BE PRODUCED

Produce all records, documents, and information related to:

The subpoena demands the production of financial books and records related to Mark Galloway (SSN: 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) and Susan Galloway (SSN: 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) from September 1, 2007, to the present. The records shall include, but are not limited to, those involving all open and/or closed checking, savings, trust agreements, custodial, and loan accounts. The records shall include the following:

1. Monthly bank statements, deposit tickets and details of deposits, withdrawals, debits, and checks written on the account(s).
2. Loan applications, loan ledgers, loan correspondence, financial statements, tax returns, lease agreements, discounted notes, investment accounts, and contracts.
3. All checks (bank, official, cashier, Treasurer, and traveler's) and money orders purchased.
4. All incoming and outgoing wire transfers.

Any other books and records relating to Mark & Susan Galloway.

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔬𝔣 𝔄𝔪𝔢𝔯𝔦𝔠𝔞

## DEPARTMENT OF TRANSPORTATION

### OFFICE OF INSPECTOR GENERAL

TO:  US BANK, N.A.

    800 Nicollet Mall
    Attn: Legal Department - Subpoena
    Processing
    Minneapolis, MN 55402-7000

} **SUBPOENA**

YOU ARE HEREBY COMMANDED TO APPEAR BEFORE <u>Anthony Q. Sartin</u>, *an official of the Office of Inspector General*, at <u>200 W. ADAMS ST. SUITE 300</u> <u>CHICAGO, IL 60606</u>, *on the* <u>31ST</u> *day of* <u>MAY</u>, *2019, at* <u>9:00</u>, *o'clock* <u>AM</u> *of that day.*

And you are hereby required to bring with you and produce at said time and place the following information, documents, reports, answers, records, accounts, papers and other data and documentary evidence:

(SEE ATTACHED ADDENDUM TO INSPECTOR GENERAL SUBPOENA)

which are necessary in the performance of the responsibility of the Inspector General under Public Law 95-452, to conduct and supervise audits and investigations and to promote economy, efficiency, and effectiveness in the administration of, and to prevent and detect fraud and abuse in and relating to the programs and operations of the Department of Transportation.

OIG Point of Contact:

Anthony Q. Sartin

Telephone: (312) 353-0454

Fax:    (312) 353-7032

Email: Anthony.Q.Sartin@oig.dot.gov

IN TESTIMONY WHEREOF, *the seal of the*
DEPARTMENT OF TRANSPORTATION
*is affixed hereto, and the undersigned has hereunto set his hand*
*at Washington, D.C. this* <u>8TH</u> *day of* <u>MAY</u>, <u>2019.</u>

 / FOR



———————————————————
Inspector General

IGF 2008.2(3-86)

ADDENDUM TO INSPECTOR GENERAL SUBPOENA

US BANK, N.A.
800 Nicollet Mall
Attn: Legal Department - Subpoena
Processing
Minneapolis, MN 55402-7000

Compliance with this subpoena may be made by delivery (U.S. Mail and private delivery/courier service is acceptable) of the following to Special Agent Anthony Q. Sartin, U.S. Department of Transportation, Office of Inspector General, 200 W. Adams Street, Suite 300, Chicago, IL 60606 by the date listed on the face of the subpoena. Records are requested in the form of electronic media (i.e. CD, DVD, or flash drive).

Required is a notarized statement from the official of the subpoenaed party responsible for compliance with this subpoena that documents produced are true, genuine, and responsive to the subpoena.

If any document is withheld under a claim of privilege, please advise in writing the author, addressee, subject matter, and date of the document, as well as any other individuals to whom copies of the document(s) were provided, and the basis of the privilege.

## I. DEFINITIONS

As used herein:

A. This subpoena is applicable to the business entity or party to which addressed and shall include all business affiliates, subsidiaries, predecessors, parents, divisions, successors in interest, present and former directors, officers, partners, agents, employees, and all other persons acting or purporting to act for, or on the behalf, of the business entity or party to which addressed.

B. "Documents" or "records" refers to all written or graphic matter, however produced or reproduced, or any other tangible permanent record, and without limitation, including, among other things, all letters, correspondence, records, memoranda, minutes, notes, summaries, telephone records, books, schedules, reports, studies, appraisals, analyses, lists, interviews, books of account, telegrams, notes and minutes of meetings, interoffice communications, results of investigations, working papers, computer data, papers similar to any of the foregoing, and other writings of every kind of description (whether or not actually used, and including drafts of all documents), and including not only originals of such documents but all photostatic or microfilmed copies in whatever form, and all sound records or electronic data compilations in whatever form.

C. A document "relating or incident to" a given subject matter means any documents or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

D. "Addressee" means the person to whom this subpoena is addressed and includes any parent, predecessor, successor, division, affiliate, or subsidiary of whatever tier (whether or not wholly owned) and each officer, director, employee, attorney, agent or other person acting on behalf of any of them.

E. Do not destroy, discard, modify, redact, remove, alter, substitute or otherwise make unavailable any

document requested by this subpoena. If you have knowledge that any requested document has been destroyed, discarded, modified, redacted, removed, altered or otherwise made unavailable, identify the document(s) and provide an explanation.

## II. DOCUMENTS TO BE PRODUCED

Produce all records, documents, and information related to:

The subpoena demands the production of financial books and records related to Mark Galloway (SSN: 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) and Susan Galloway (SSN: 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) from September 1, 2007, to the present.  The records shall include, but are not limited to, those involving all open and/or closed checking, savings, trust agreements, custodial, and loan accounts.  The records shall include the following:

  1. Monthly bank statements, deposit tickets and details of deposits, withdrawals, debits, and checks written on the account(s).
  2. Loan applications, loan ledgers, loan correspondence, financial statements, tax returns, lease agreements, discounted notes, investment accounts, and contracts.
  3. All checks (bank, official, cashier, Treasurer, and traveler's) and money orders purchased.
  4. All incoming and outgoing wire transfers.

Any other books and records relating to Mark & Susan Galloway.

# United States of America

## DEPARTMENT OF TRANSPORTATION

### OFFICE OF INSPECTOR GENERAL

TO:  FIFTH THIRD BANK

5050 Kingsley Drive
Attn: Legal Entry MD1MOC2Q
Cincinnati, OH 44227-1115

} SUBPOENA



YOU ARE HEREBY COMMANDED TO APPEAR BEFORE Anthony Q. Sartin, *an official of the Office of Inspector General, at* 200 W. ADAMS ST. SUITE 300 CHICAGO, IL 60606, *on the* 31ST *day of* MAY, *2019, at* 9:00, *o'clock* AM *of that day.*

And you are hereby required to bring with you and produce at said time and place the following information, documents, reports, answers, records, accounts, papers and other data and documentary evidence:

(SEE ATTACHED ADDENDUM TO INSPECTOR GENERAL SUBPOENA)

which are necessary in the performance of the responsibility of the Inspector General under Public Law 95-452, to conduct and supervise audits and investigations and to promote economy, efficiency, and effectiveness in the administration of, and to prevent and detect fraud and abuse in and relating to the programs and operations of the Department of Transportation.

OIG Point of Contact:

Anthony Q. Sartin

Telephone: (312) 353-0454

Fax:        (312) 353-7032

Email: Anthony.Q.Sartin@oig.dot.gov

IN TESTIMONY WHEREOF, *the seal of the*
DEPARTMENT OF TRANSPORTATION
*is affixed hereto, and the undersigned has hereunto set his hand*
*at Washington, D.C. this* 8TH *day of* MAY, 2019.

 / FOR



_____
Inspector General

IGF 2008.2(3-86)

ADDENDUM TO INSPECTOR GENERAL SUBPOENA

FIFTH THIRD BANK
5050 Kingsley Drive
Attn: Legal Entry MD1MOC2Q
Cincinnati, OH 44227-1115

Compliance with this subpoena may be made by delivery (U.S. Mail and private delivery/courier service is acceptable) of the following to Special Agent Anthony Q. Sartin, U.S. Department of Transportation, Office of Inspector General, 200 W. Adams Street, Suite 300, Chicago, IL 60606 by the date listed on the face of the subpoena. Records are requested in the form of electronic media (i.e. CD, DVD, or flash drive).

Required is a notarized statement from the official of the subpoenaed party responsible for compliance with this subpoena that documents produced are true, genuine, and responsive to the subpoena.

If any document is withheld under a claim of privilege, please advise in writing the author, addressee, subject matter, and date of the document, as well as any other individuals to whom copies of the document(s) were provided, and the basis of the privilege.

## 1. DEFINITIONS

As used herein:

A. This subpoena is applicable to the business entity or party to which addressed and shall include all business affiliates, subsidiaries, predecessors, parents, divisions, successors in interest, present and former directors, officers, partners, agents, employees, and all other persons acting or purporting to act for, or on the behalf, of the business entity or party to which addressed.

B. "Documents" or "records" refers to all written or graphic matter, however produced or reproduced, or any other tangible permanent record, and without limitation, including, among other things, all letters, correspondence, records, memoranda, minutes, notes, summaries, telephone records, books, schedules, reports, studies, appraisals, analyses, lists, interviews, books of account, telegrams, notes and minutes of meetings, interoffice communications, results of investigations, working papers, computer data, papers similar to any of the foregoing, and other writings of every kind of description (whether or not actually used, and including drafts of all documents), and including not only originals of such documents but all photostatic or microfilmed copies in whatever form, and all sound records or electronic data compilations in whatever form.

C. A document "relating or incident to" a given subject matter means any documents or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

D. "Addressee" means the person to whom this subpoena is addressed and includes any parent, predecessor, successor, division, affiliate, or subsidiary of whatever tier (whether or not wholly owned) and each officer, director, employee, attorney, agent or other person acting on behalf of any of them.

E. Do not destroy, discard, modify, redact, remove, alter, substitute or otherwise make unavailable any document requested by this subpoena. If you have knowledge that any requested document has been

destroyed, discarded, modified, redacted, removed, altered or otherwise made unavailable, identify the document(s) and provide an explanation.

## II. DOCUMENTS TO BE PRODUCED

Produce all records, documents, and information related to:

The subpoena demands the production of financial books and records related to Mark Galloway (SSN: 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) and Susan Galloway (SSN: 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) from September 1, 2007, to the present. The records shall include, but are not limited to, those involving all open and/or closed checking, savings, trust agreements, custodial, and loan accounts. The records shall include the following:

1. Monthly bank statements, deposit tickets and details of deposits, withdrawals, debits, and checks written on the account(s).
2. Loan applications, loan ledgers, loan correspondence, financial statements, tax returns, lease agreements, discounted notes, investment accounts, and contracts.
3. All checks (bank, official, cashier, Treasurer, and traveler's) and money orders purchased.
4. All incoming and outgoing wire transfers.

Any other books and records relating to Mark & Susan Galloway.

# United States of America

## DEPARTMENT OF TRANSPORTATION

### OFFICE OF INSPECTOR GENERAL

TO:  BANK OF AMERICA, N.A.

800 Samoset Drive
Attn: Legal Order Processing; DE5-024-02-08
Newark, DE 19713-6001

}

# SUBPOENA

YOU ARE HEREBY COMMANDED TO APPEAR BEFORE Anthony Q. Sartin, *an official of the Office of Inspector General, at* 200 W. ADAMS ST. SUITE 300 CHICAGO, IL 60606, *on the* 31ST *day of* MAY, *2019, at* 9:00, *o'clock* AM *of that day.*

And you are hereby required to bring with you and produce at said time and place the following information, documents, reports, answers, records, accounts, papers and other data and documentary evidence:

_____

### (SEE ATTACHED ADDENDUM TO INSPECTOR GENERAL SUBPOENA)

_____
_____
_____

which are necessary in the performance of the responsibility of the Inspector General under Public Law 95-452, to conduct and supervise audits and investigations and to promote economy, efficiency, and effectiveness in the administration of, and to prevent and detect fraud and abuse in and relating to the programs and operations of the Department of Transportation.

OIG Point of Contact:

Anthony Q. Sartin

Telephone: (312) 353-0454

Fax:  (312) 353-7032

Email:  Anthony.Q.Sartin@oig.dot.gov

IN TESTIMONY WHEREOF, *the seal of the*
DEPARTMENT OF TRANSPORTATION
*is affixed hereto, and the undersigned has hereunto set his hand*
*at Washington, D.C. this* 8TH *day of* MAY, 2019.



/ FOR

Inspector General

IGF 2008.2(3-86)

ADDENDUM TO INSPECTOR GENERAL SUBPOENA

BANK OF AMERICA, N.A.

800 Samoset Drive
Attn: Legal Order Processing; DE5-
024-02-08
Newark, DE 19713-6001

Compliance with this subpoena may be made by delivery (U.S. Mail and private delivery/courier service is acceptable) of the following to Special Agent Anthony Q. Sartin, U.S. Department of Transportation, Office of Inspector General, 200 W. Adams Street, Suite 300, Chicago, IL 60606 by the date listed on the face of the subpoena. Records are requested in the form of electronic media (i.e. CD, DVD, or flash drive).

Required is a notarized statement from the official of the subpoenaed party responsible for compliance with this subpoena that documents produced are true, genuine, and responsive to the subpoena.

If any document is withheld under a claim of privilege, please advise in writing the author, addressee, subject matter, and date of the document, as well as any other individuals to whom copies of the document(s) were provided, and the basis of the privilege.

## I. DEFINITIONS

As used herein:

A. This subpoena is applicable to the business entity or party to which addressed and shall include all business affiliates, subsidiaries, predecessors, parents, divisions, successors in interest, present and former directors, officers, partners, agents, employees, and all other persons acting or purporting to act for, or on the behalf, of the business entity or party to which addressed.

B. "Documents" or "records" refers to all written or graphic matter, however produced or reproduced, or any other tangible permanent record, and without limitation, including, among other things, all letters, correspondence, records, memoranda, minutes, notes, summaries, telephone records, books, schedules, reports, studies, appraisals, analyses, lists, interviews, books of account, telegrams, notes and minutes of meetings, interoffice communications, results of investigations, working papers, computer data, papers similar to any of the foregoing, and other writings of every kind of description (whether or not actually used, and including drafts of all documents), and including not only originals of such documents but all photostatic or microfilmed copies in whatever form, and all sound records or electronic data compilations in whatever form.

C. A document "relating or incident to" a given subject matter means any documents or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

D. "Addressee" means the person to whom this subpoena is addressed and includes any parent, predecessor, successor, division, affiliate, or subsidiary of whatever tier (whether or not wholly owned) and each officer, director, employee, attorney, agent or other person acting on behalf of any of them.

E. Do not destroy, discard, modify, redact, remove, alter, substitute or otherwise make unavailable any

document requested by this subpoena. If you have knowledge that any requested document has been destroyed, discarded, modified, redacted, removed, altered or otherwise made unavailable, identify the document(s) and provide an explanation.

## II. DOCUMENTS TO BE PRODUCED

Produce all records, documents, and information related to:

The subpoena demands the production of financial books and records related to Mark Galloway (SSN: 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) and Susan Galloway (SSN: 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) from September 1, 2007, to the present. The records shall include, but are not limited to, those involving all open and/or closed checking, savings, trust agreements, custodial, and loan accounts. The records shall include the following:

1. Monthly bank statements, deposit tickets and details of deposits, withdrawals, debits, and checks written on the account(s).
2. Loan applications, loan ledgers, loan correspondence, financial statements, tax returns, lease agreements, discounted notes, investment accounts, and contracts.
3. All checks (bank, official, cashier, Treasurer, and traveler's) and money orders purchased.
4. All incoming and outgoing wire transfers.

Any other books and records relating to Mark & Susan Galloway.

# CUSTOMER NOTICE

Dear <u>Mark and Susan Galloway</u>:
        *(Customer)*

    Records or information concerning your transactions held by the financial institution named in the attached subpoena, summons, or formal written request are being sought by the <u>US Department of Transportation – Office of Inspector General</u> in accordance with the
        *(Government Agency)*
Right To Financial Privacy Act of 1987, 12 U.S.C. 3401-3422, for the following purpose(s):

<u>Alleged Workers' Compensation Fraud.</u>

If you desire that such records or information not be made available, you must:

(1) Fill out the accompanying motion paper and sworn statement (as indicated by the instructions beneath each blank space) or write one of your own, stating that you are the customer whose records are being requested by the Government, and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

(2) File the motion and sworn statement by mailing or delivering them to the Clerk of anyone of the following United States District Courts (in some cases, there will be only one appropriate court):

<u>U.S. Courthouse; Clerk of Court; 312 N. Spring St.; Los Angeles, CA 90012-4701</u>  or

<u>Carl B. Stokes; U.S. Courthouse; Clerk of Court; 801 W. Superior Ave.; Cleveland, OH 44113</u>

(It would simplify the proceeding if you would include with your motion and sworn statement a copy of the attached summons, subpoena or formal written request, as well as a copy of this notice.)

(3) Serve the Government authority requesting the records by mailing (by registered or certified mail) or by delivering a copy of your motion and sworn statement to <u>U.S. Dept of Transportation - Office of Inspector General; Attn: SA Anthony Q. Sartin;</u>

<u>200 W. Adams Street, Suite 300; Chicago, IL 60606</u>

**EXHIBIT**

**B**

(4) Be prepared to come to court and present your position in further detail.

(5) You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of **ten days** from the date of service or fourteen days from the date of mailing of this notice, the records or information requested therein may be made available. These records may be transferred to other Government authorities for legitimate law enforcement inquires, in which event you will be notified after the transfer.

_June 26, 2019_
_(Date)_

Anthony Q. Sartin; Special Agent
_(Name and Title of Official)_

200 W. Adams Street, Suite 300; Chicago, IL 60606
_(Address)_

U.S. Department of Transportation - Office of Inspector General
_(Government Agency)_

(312) 353-0454
_(Telephone)_

Enclosures:    Summons, Subpoena or Formal Written Request
Motion Form
Sworn Statement

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

In re Subpoenas to:      :      :

     Fifth Third Bank,      :      Case No.:

     Bank of America, N.A.      :

     JP Morgan Chase Bank, N.A. and      :      Judge:

     U.S. Bank, N.A.      :      Magistrate:

     :

## DECLARATION OF DAMION CLIFFORD

I, Damion M. Clifford, pursuant to 28 U.S.C. §1746, do hereby declare as follows:

1.     I am counsel for Mark and Susan Galloway and make the following declaration based upon personal knowledge.

2.     On July 9, 2019, I discussed with Special Agent Sartin and Seth Kaufman, Esq., Senior Counsel for the Office of the Inspector General ("OIG") the breadth, scope, and relevancy of the subpoenas issued to Fifth Third Bank, Bank of America, N.A., JP Morgan Chase Bank, N.A., and U.S. Bank, N.A. regarding my clients Mark and Susan Galloway (the "Subpoenas").

3.     These discussions were an attempt to meet and confer pursuant to Northern District of Ohio Local Rule 37.1 and Federal Rule of Civil Procedure 45 before the preparation and filing of a motion to quash. During those conversations and in a subsequent email from Mr. Kaufman on July 10, 2019, the OIG declined to reduce the breadth and scope of the Subpoenas in any way, which put the parties at an impasse and facilitated the need for filing a motion to quash.



EXHIBIT
2

I declare under penalty of perjury that the foregoing is true and correct and was executed on July 12, 2019.

Damion M. Clifford

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

In re Subpoenas to:                          :
                                             :
    Fifth Third Bank,                        :  Case No.:
                                             :
    Bank of America, N.A.                    :
                                             :  Judge:
    JP Morgan Chase Bank, N.A. and           :
                                             :  Magistrate:
    U.S. Bank, N.A.                          :
                                             :
                                             :

### DECLARATION OF SUSAN GALLOWAY

I, Susan Galloway, pursuant to 28 U.S.C. §1746, do hereby declare as follows:

1.    I make the following declaration based upon personal knowledge.

2.    I am a customer of Fifth Third Bank, Bank of America, N.A., JP Morgan Chase Bank, N.A., and U.S. Bank N.A.

3.    I do not believe that the records requested by the OIG's Subpoenas are relevant to the inquiry whether Mark Galloway is permanently disabled.


I declare under penalty of perjury that the foregoing is true and correct and was executed on July 10, 2019.


                                                     Susan Galloway

**EXHIBIT**

3